UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOSES B. LOCKETT,  :

　　　　　Petitioner,  :　　Civil Action No. 15-1196 (JLL)

　　　v.  :　　**MEMORANDUM ORDER**

THE ATTORNEY GENERAL OF THE  :
STATE OF NEW JERSEY, et al.,  :

　　　　　Respondents.  :

The Court having reviewed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), and it appearing that:

1. This Court ordered that the petition be administratively terminated for failure to pay the filing fee or file an application to proceed *in forma pauperis* (ECF No. 2).

2. Petitioner paid the filing fee on March 25, 2015 (*See* ECF Docket Sheet).

3. This Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

4. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a petition must "specify all the grounds for relief available to the petitioner[,] state the facts supporting each ground[,] . . . [and] be printed, typewritten, or legibly handwritten." Petitions which provide no more than "vague and conclusory grounds for habeas relief are subject to summary dismissal"

1

under the rule. *Anderson v. Pennsylvania Attorney General*, 82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

5. The instant petition contains only the following statement as to the grounds on which it is brought:1 "Ineffective assistance of counsel: Trial counsel's failure to challenge the grand jury indictment, the *Miranda* hearing, prosecutorial misconduct, *Clawans* charge, the aggravating and mitigating factors, and the imposition of consecutive sentences." (ECF No. 1 at 6). Petitioner provides no further information regarding the claims he wishes to bring in his habeas petition.

6. Petitioner has failed to provide anything more than extremely vague and conclusory statements which purport to suggest that his trial counsel was ineffective. Petitioner has failed to provide any facts to support these assertions, nor provided any context which would allow Respondents to effectively respond to his Petition. As such, the petition must be summarily dismissed without prejudice. *See Anderson*, 82 F. App'x at 749; *Thomas*, 221 F.3d at 437; *Dawson*, 857 F.2d at 928.

IT IS THEREFORE on this ____ day of April, 2015,

ORDERED that the Clerk of the Court shall reopen this case; and it is further

---

[1] Although it appears that the handwriting used by Petitoner would under normal circumstances be legible, the quality of the copy provided to this Court is relatively poor and the Court's recitation of the grounds raised in the petition reflects what the Court believes Petitioner wrote. This Court presumes that the *Clawans* charge refers to *State v. Clawans*, 38 N.J. 162 (1962), which permits a New Jersey trial court to charge the jury "that the failure of a party to produce a witness who had knowledge of the facts at issue creates an inference that the party feared those facts would be unfavorable to it." *Lemons v. Warren*, No. 12-2355, 2015 WL 1497330, at *7 (D.N.J. April 1, 2015).

ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Petitioner is granted leave to amend his petition to provide sufficient factual bases to support his claims within thirty (30) days; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail and shall CLOSE the file.

_____
Jose L. Linares, U.S.D.J.