UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOSES B. LOCKETT, :
: Civil Action No. 15-1196 (JLL)
Petitioner, :
:
v. : **MEMORANDUM ORDER**
:
THE ATTORNEY GENERAL OF THE :
STATE OF NEW JERSEY, et al., :
:
Respondents. :

The Court having reviewed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and the additional factual information Petitioner provided in his request to reopen his case (ECF No. 5), and it appearing that:

1. This Court ordered that the petition be administratively terminated for failure to pay the filing fee or file an application to proceed *in forma pauperis* on March 4, 2015. (ECF No. 2).

2. Petitioner paid the filing fee on March 25, 2015 (*See* ECF Docket Sheet).

3. On April 20, 2015, this Court screened Petitioner's original 2254 petition and dismissed it without prejudice for failure to meet the pleading standards set out in Rule 2 of the Rules Governing Section 2254 Cases. (ECF No. 4).

4. On May 19, 2015, Petitioner filed an affidavit setting out additional facts which he asserts, taken together with the information in his original petition (ECF No. 1), would meet the requirements of Rule 2. (ECF No. 5).

5. This Court is required to preliminarily review this amended petition[1] under Rule 4 of

---

[1] This Court construes ECF No. 5 as an amended petition in so much as the facts contained in

1

the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

6. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a petition must "specify all the grounds for relief available to the petitioner[,] state the facts supporting each ground[,] . . . [and] be printed, typewritten, or legibly handwritten." Petitions which provide no more than "vague and conclusory grounds for habeas relief are subject to summary dismissal" under the rule. *Anderson v. Pennsylvania Attorney General*, 82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

7. In the original petition, Petitioner provided only the following statement as to the grounds on which it is brought: "Ineffective assistance of counsel: Trial counsel's failure to challenge the grand jury indictment, the *Miranda* hearing, prosecutorial misconduct, [*State v. Clawans*, 38 N.J. 162 (1962),] charge, the aggravating and mitigating factors, and the imposition of consecutive sentences." (ECF No. 1 at 6).

8. In his amendment, Petitioner provides scant further facts. Petitioner suggests that counsel was ineffective for failing to call David Bowman and Warren Lewis "to prove [his] character" in so much as they might explain why someone named "Lavon . . . was angry." (ECF No. 5 at 1). Plaintiff provides no further information as to what these two alleged witnesses would have stated had they testified, nor provides any details as to how that testimony would have

---

the request to re-open are meant to supplement those previously provided in the petition.

affected his trial.

9. Plaintiff then reiterates, without explanation, that counsel was ineffective for failing to provide expert testimony, investigate more fully the physical evidence, or conduct a thorough investigation into one of the state's witnesses, Anderson Reid. (ECF No. 5 at 1-2). Petitioner then sums up his claims as follows: "[tr]ial counsel failed to consult with petitioner to review the evidence and prepare potential defenses for trial. Given the severity of the nature of the crime,[2] counsel's job is to put on the best defense for their client even when there is no defense. By counsel not doing a due diligence job at preparing for the case and allowing the best outcome for his client the court should allow a new trial and an evidentiary hearing." (ECF No. 5 at 2).

6. Petitioner has again failed to provide anything more than vague and conclusory statements which purport to suggest that his trial counsel was ineffective. Petitioner has failed to provide sufficient facts to support these assertions, nor has he provided any context which would allow Respondents to effectively respond to his Petition. As such, the petition must again be summarily dismissed without prejudice. *See Anderson*, 82 F. App'x at 749; *Thomas*, 221 F.3d at 437; *Dawson*, 857 F.2d at 928.

IT IS THEREFORE on this _26_ day of May, 2015,

ORDERED that the Clerk of the Court shall reopen this case; and it is further

ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) as amended by Petitioner's request to reopen (ECF No. 5) is DISMISSED WITHOUT PREJUDICE; and it is further

---

[2] The top count of which Petitioner was convicted was passion provocation manslaughter. (ECF No. 1 at 1).

ORDERED that Petitioner is granted leave to amend his petition to provide sufficient factual bases to support his claims within thirty (30) days; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail and shall CLOSE the file.

_____
Jose L. Linares, U.S.D.J.